UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DANTEA COOPER,<br><br>                                    Plaintiff,<br><br>            v.<br><br>JOHN/JANE DOE, Correctional Officer,<br><br>                                    Defendant. | Case No.:  3:26-cv-03677-RBM-AHG<br><br>**ORDER:**<br>   **(1) DENYING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AND**<br><br>   **(2) DISMISSING COMPLAINT WITHOUT PREJUDICE**<br><br>**[Doc. 2]** |

On June 17, 2026, Plaintiff Dantea Cooper, a former state prisoner proceeding without counsel, filed a Complaint under 42 U.S.C. § 1983.  Plaintiff has failed to pay the $405 civil filing and administrative fee but instead has filed a motion to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a).  (Doc. 2.)  Having carefully considered Plaintiff's Complaint, Plaintiff's IFP Motion, and the applicable law, the Court **DENIES** Plaintiff's IFP Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint. ///

1

## I.    *IN FORMA PAUPERIS* APPLICATION

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $405, which includes a $350 statutory fee and an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023).  The additional $55 administrative fee does not apply to persons granted leave to proceed in forma pauperis.  *Id.*  An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). But § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, leaving the determination of indigency to district courts' discretion.  *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds*, 506 U.S. 194 (1993).  While "[o]ne need not be absolutely destitute to obtain" IFP status, *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960), a person seeking it "must allege poverty 'with some particularity, definiteness[,] and certainty,'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).

The Administrative Office of the United States Courts provides Form AO 239 (rev. 01/15), titled "Application to Proceed in District Court Without Prepaying Fees or Costs." Importantly, AO 239 contains the following statement, which must be signed and dated by the person seeking IFP status:

2

> I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.  I declare under penalty of perjury that the information below is true and understand that a false statement may result in a dismissal of my claims.

Form AO 239, at 1.  Form AO 239 requires information regarding the individual's income, employment, assets, debts, accounts receivable, and so forth.  *Id.* at 1–5.  Likewise, the Local Rules of this Court direct IFP movants to file "an affidavit that includes a statement of all assets which shows inability to pay initial fees or give security.  This affidavit must consist of a declaration in support of request to proceed in forma pauperis."  CivLR 3.2(a); *see also* CivLR 3.2(a)(1)–(7) (listing numerous items that must be addressed in a movant's "declaration . . . under penalty of perjury"); Civ.LR 3.2(f) (requiring submission of financial affidavit "at the time the suit . . . is submitted for filing").

Plaintiff, however, has not submitted a sworn Form AO 239 or other comparable instrument.  His request is unsworn, stating only that he is "an unemployed indigent homeless man."  (Doc. 2 at 1.)  The Court therefore does not have sufficient information, supported by the required declaration, from which to evaluate Plaintiff's ability to pay the requisite filing fee.

Accordingly, the Court **DENIES** Plaintiff's IFP Application.  This denial, however, is **WITHOUT PREJUDICE** to Plaintiff refiling an IFP application that cures the above-noted deficiencies.

**II.    CONCLUSION**

Thus, for the reasons explained above, the Court:

1.    **DENIES** Plaintiff's Motion to Proceed IFP [Doc. No. 2].

2.    **DISMISSES** this civil action without prejudice for failure to prepay the filing fees required by 28 U.S.C. § 1914(a).

3.    **GRANTS** Plaintiff until **<u>August 28, 2026</u>** to either: (a) pre-paying the full $405 civil filing fee required by 28 U.S.C. § 1914(a) in one lump sum; or (b) file an application to proceed IFP that includes a properly completed AO 239.

3

3:26-cv-03677-RBM-AHG

4.      **DIRECTS** the Clerk of Court to provide Plaintiff with a blank AO 239 (Rev. 01/15).  If Plaintiff fails to comply with this Order by either paying the full $405 civil filing fee in one lump sum or by submitting a complete AO 239 IFP application by **August 28, 2026**, this civil action will remain dismissed without prejudice based on his failure to comply with 28 U.S.C. § 1914(a) and without any further Order of the Court.[1]

**IT IS SO ORDERED**.

Dated:  July 13, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff is cautioned that if he chooses to proceed further by submitting a properly supported Motion to Proceed IFP, his Complaint will be screened before service and may be dismissed *sua sponte*.  28 U.S.C. § 1915(e)(2)(B). Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if the court determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

4

3:26-cv-03677-RBM-AHG